# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:14-CR-00131

BENJAMIN RAYMOND

## ORDER GRANTING [69] MOTION TO DECLARE
## BAIL FORFEITED AND FOR JUDGMENT ON BOND

On October 23, 2014, Defendant Benjamin Raymond was indicted by a federal grand jury in the Northern District of Mississippi on one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841 and § 846 (Count One); and three counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841 (Counts Six, Seven, and Eight). Doc. #1.

On November 5, 2014, Defendant was arrested on the charges in the Indictment. Doc. #21. That same day, Defendant was allowed bail and released from custody under a $10,000 secured Appearance Bond, which was secured by a $1,000 cash payment made on Defendant's behalf to the Clerk of the Court. Doc. #38. Through his signature on the Bond, Defendant agreed, among other things, "that this bond may be forfeited if I fail … to appear for court proceedings."[1] In that regard, the Bond states:

> *Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

---

[1] Under the "Declarations" section of the Bond, Defendant acknowledged under penalty of perjury that he "ha[d] read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond." Doc. #38.

*Id.* Through his filing of a "Waiver of Appearance and Entry of Plea of Not Guilty" on November 6, 2014, Defendant pled not guilty to the charges in the Indictment. Doc. #14.

Defendant was subsequently convicted on Count One of the Indictment pursuant to his guilty plea on January 14, 2015, before the undersigned United States District Court Judge. At the plea hearing, the Court continued the Bond, pending sentencing of Defendant. Doc. #58.

After receipt of the presentence report, the Court noticed the hearing for the sentencing of Defendant to be held June 5, 2015, at 10:30 a.m. On June 5, 2015, however, Defendant failed to appear at the sentencing hearing. Due to his failure to appear, the Court issued a bench warrant for Defendant's arrest. Defendant was arrested under the bench warrant on June 9, 2015. Doc. #76.

On June 10, 2015, the United States of America ("Government") filed a "Motion to Declare the Bail Forfeited and For Judgment on Bond," pursuant to Rule 46(f)(1) & (i) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3146(d). Doc. #69. In the motion, the Government requested that the Court enter a declaration of forfeiture of Defendant's bail, including interest, costs, and the $1,000 deposit paid into the registry of the Court, due to Defendant's failure to appear for sentencing.

On August 14, 2015, the Court noticed the motion to be heard on September 1, 2015. On Defendant's motion filed August 27, 2015, the hearing on the motion was continued until October 15, 2015. Doc. #81; Doc. #82; Doc. #83. On October 7, 2015, Defendant filed a response to the motion, admitting all of the motion's allegations as well as the propriety of the Government's requested relief. Doc. #87.

The Government's motion proceeded to hearing on October 15, 2015. At the hearing, the Government presented evidence that the costs associated with Defendant's failure to appear

totaled the amount of the Bond. Defendant confirmed at hearing his lack of opposition to the motion, and did not contest the evidence the Government presented as to the costs associated with his failure to appear.

At the conclusion of the hearing, upon consideration of the Government's motion, Defendant's response, the arguments and statements of counsel and Defendant at hearing, and the provisions of 18 U.S.C. § 3146(d),[2] and Rule 46(f)(l)[3] & (i)[4] of the Federal Rules of Criminal Procedure, the Court found that the Government's motion should be granted, declared the Bond forfeited, and found that a judgment against the defendant in the amount of $10,000 should be entered, with the $1,000 on deposit in the Court's registry paid to secure the bond to be credited towards the judgment amount. The Court now issues this order pursuant to, and in accordance with, that ruling.

IT IS, THEREFORE, ORDERED that:

1. The Government's "Motion to Declare the Bail Forfeited and For Judgment on Bond" [69] is **GRANTED**;

2. Defendant's Bond is declared forfeited due to his failure to appear for sentencing; and

3. A judgment against Defendant in favor of the Government in the amount of

---

[2] 18 U.S.C. § 3146(d) provides: "If a person fails to appear before a court as required, and the person executed an appearance bond pursuant to section 3142(b) of this title or is subject to the release condition set forth in clause (xi) or (xii) of section 3142(c)(1)(B) of this title, the judicial officer may, regardless of whether the person has been charged with an offense under this section, declare any property designated pursuant to that section to be forfeited to the United States."

[3] Rule 46(f)(1) states that "[t]he court must declare the bail forfeited if a condition of the bond is breached."

[4] Rule 46(i) provides that "[t]he court may dispose of a charged offense by ordering the forfeiture of 18 U.S.C. § 3142(c)(1)(B)(xi) property under 18 U.S.C. § 3146(d), if a fine in the amount of the property's value would be an appropriate sentence for the charged offense." Section 3142(c)(1)(B)(xi) of Title 18 authorizes the Court to require a defendant to "execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required … ."

$10,000, plus interest from the date of the judgment as provided by law until paid, and all court costs, with the $1,000 as security on deposit in the Court's registry credited to the judgment amount,[5] will be entered accordingly.

**SO ORDERED**, this 15th day of October, 2015.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] The Clerk of Court shall release such funds to the Government under its standard procedures in the normal course.